■ STORMHARBOUR SECURITIES LP, Respondent, v IIG TRADE OPPORTUNITIES FUND N.V., Appellant. [43 NYS3d 302]—

Judgment, Supreme Court, New York County (Eileen Bransten, J.), entered October 7, 2015, in favor of plaintiff, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered September 29, 2015, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.

Plaintiff established prima facie that the transaction that

closed within the one-year (tail) period following the termination of the parties' letter agreement (Engagement Letter) was "a substantially similar transaction to the Transaction" as defined in the letter. Both the closed transaction and the defined "Transaction" consisted of more than $200 million of first-lien and second-lien financing placed with institutional investors and secured by trade finance instruments. That broad definition contemplated that the precise structure of the deal was to be determined. Indeed, after defining "Transaction," the Engagement Letter provides that plaintiff "shall . . . provide feedback and advice to [defendant] on . . . the most appropriate features of the instruments and the structure of the Transaction."

In opposition, defendant failed to raise an issue of fact. Nothing in the Engagement Letter excludes the application of the tail fee provision to Deutsche Bank simply because Deutsche Bank purchased the instruments initially as an underwriter for later sale to end investors (*see Riverside S. Planning Corp. v CRP/Extell Riverside, L.P.,* 13 NY3d 398, 403-404 [2009]). Moreover, the record demonstrates that the instruments were sold to Deutsche Bank and that Deutsche Bank, BlueMountain Capital Management, LLC, and KKR & Co. L.P. were "Prospective Investors" under the Engagement Letter.

We have considered defendant's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Friedman, Acosta, Andrias and Moskowitz, JJ. ▮